## Prestonsburg Superior Oil Gas Company v. Wheeler, et al.

(Decided June 8, 1926.)

### Appeal from Floyd Circuit Court.

1. Witnesses—Husband or Wife May Testify for Other as to Any Transaction in which Either Acts as Agent for Other (Civil Code of Practice, Section 606).—It is only concerning transaction in which husband or wife acts as agent for the other that either may testify for the other as to any matter connected with such agency, under exception to prohibition of Civil Code of Practice, section 606.

2. Witnesses—Husband's Testimony as to Value of Articles Purchased by Him for Himself, Not as Agent of Wife, to Whom he Assigned Claim for Destruction, Held Incompetent (Civil Code of Practice, Section 606).—In action for destruction of personalty by fire, testimony of plaintiff's husband as to value of articles purchased by him for himself, not as agent of plaintiff, to whom he assigned claim, as well as his testimony as to articles belonging to plaintiff, was incompetent, under Civil Code of Practice, section 606.

3. Evidence—Statement by Gas Company's Servant on Day After Explosion that it Occurred when Coworker Struck Match Held

Inadmissible as Not Res Gestae.—In action for loss of personalty in house destroyed by fire caused by gas explosion, testimony that defendant gas company's servant told witness on day after explosion that it occurred when coworker struck a match to test pipe joint held inadmissible as not part of res gestae.

4.   Damages—Instruction to Award Reasonable, Value of Household Furniture, Wearing Apparel, etc., Destroyed by Fire, Held Erroneous.—In Action for loss of household and kitchen furniture, wearing apparel, etc., in house destroyed by fire, instruction to award plaintiff reasonable value of property destoyed, if jury found for plaintiff, was erroneous.

5.   Appeal and Error.—Whether verdict was excessive will not be considered, where judgment is reversed for other errors.

JOSEPH D. HARKINS for appellant.

C. B. WHEELER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

This action grows out of the same explosion and fire which was the subject of the action of Prestonsburg Superior Oil Gas Company v. George W. Vance, etc., this day decided by this court. Appellee, Grace Wheeler, and her husband, C. B. Wheeler, occupied the upstairs apartment of the house destroyed by the fire. This action was begun to recover for the household and kitchen furniture, wearing apparel, and like articles of personal property belonging to her consumed by the fire. Her husband assigned to her his claim for such property as he owned that was destroyed. The opinion in the Vance case is referred to for the facts as to the origin of the fire, appellant's negligence, and the principles of law under the facts of the transaction applicable alike to each case. ·

C. B. Wheeler, the husband of appellee, and her attorney herein, was introduced as a witness for her and testified fully as to all the facts and circumstances with reference to the fire that destroyed the articles, the value of which was sought to be recovered herein. Appellant objected to all of his testimony and made repeated motions to have it excluded. At the conclusion of his testimony the trial court excluded all of it from the jury except that relating to the value of the articles of personal property owned by him, the claim for which he had assigned to his wife. It is insisted that none of his evidence should have been permitted to go to the jury, and that the portion of it not withdrawn was incompetent.

It is argued for appellee that though section 606, of our Civil Code of Practice, forbids a husband to testify for his wife, the testimony relative to the value of the personal property owned by him, claim for which he had assigned to her, falls within the exception that when a husband or wife has acted as agent for his or her consort, either of them may testify as to any matter connected with such agency. However, it does not appear that at the time appellee purchased the articles of property, his claim for which he assigned to his wife, he was acting as her agent. On the other hand, it appears that he was then acting for himself. Under the exception now in question it is only concerning a transaction in which the husband or wife, as the case may be, acting as agent for his or her consort, that either of them may testify as to any matter connected with such agency. Here, when Wheeler purchased the articles, he was not acting as the agent of his wife but was acting wholly for himself. All of his testimony upon the trial hereof was incompetent and objection to it should have been sustained.

Witness, George W. Vance, testified that on the day following the explosion one of the agents or servants of appellant told him that the explosion occurred when one of the workmen struck a match to test a joint. That statement was not part of the *res gestae,* and for the reasons and under the authorities set forth in the Vance opinion, this day handed down, that testimony should not have gone to the jury.

Appellant complains of the measure of damage instruction given to the jury herein. By it if they found for plaintiff the jury was directed to award to her the ''reasonable value'' of the property destroyed. The property owned by appellee which was destroyed by the fire consisted entirely of household and kitchen furniture, wearing apparel, and articles of the kind. Davis, Agent v. Rhodes, 206 Ky. 340, 266 S. W. 1091, deals at length with the question of measure of damages in cases of destruction of that character of personal property. Upon another trial the court will instruct the jury in accordance with the principles declared therein.

Appellant's complaint that the verdict was excessive will not be considered, since the judgment will be reversed for the errors indicated.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.